UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

          Plaintiff,

    v.

NICASIO ROMAN,

          Defendant.

_____/

NO. CR. S-10-289 KJM

ORDER

On April 25, 2012, the court heard argument on the government's motions in limine.   Michele Beckwith and Michael Anderson, Assistant Attorneys General, appeared for plaintiff; Michael Petrik, Assistant Federal Defender, appeared for defendant who was present, in custody, assisted by an interpreter.   The court took two of the motions under submission and now rules as follows.

I.   Motion To Admit Evidence of Prior Deportations

The government seeks to admit records from the proceedings that led to defendant's being deported on July 12, 1985 and November 2, 1985 as well as records of actual deportations themselves.   It argues that the evidence is relevant to establish alienage, which is a necessary element of a prosecution for violating 8 U.S.C. § 1326, and will also show defendant's wish to be in the United States.   Defendant appears to concede that evidence from the 2009

/////

1   deportation alleged in the indictment is admissible, but argues that evidence from the more

2   remote deportations should not be admitted and will confuse the jury.

3          It is true, as defendant suggests, that some of the cases approving the use of

4   evidence from deportation proceedings to prove alienage mention records from the deportation

5   alleged in the indictment.  *See, e.g., United States v. Sotelo*, 109 F.3d 1446, 1449 (9th Cir. 1997)

6   (government introduced documents from the prior deportation proceeding).  Some, however, say

7   only that the government presented "evidence of deportation."  *See United States v. Bahena-*

8   *Cardenas*, 411 F.3d 1067, 1076 (9th Cir. 2005).  And in *United States v. Hernandez-Herrera*,

9   273 F.3d 1212, 1217-18 (9th Cir. 2001), the court rejected defendant's claim that the admission

10  of "his INS 'A-file'" violated his right to confrontation and constituted hearsay.  The court did

11  not suggest that any of the documents in the A-file would otherwise be inadmissible.[1]

12         Defendant argues that the evidence of the remote deportations, occurring before

13  defendant received lawful permanent resident status, would be prejudicial.  Otherwise relevant

14  evidence may be excluded if its probative value "is substantially outweighed by a danger of . . .

15  unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or

16  needlessly presenting cumulative evidence."  Fed. R. Evid. 403.  Defendant has made only a

17  perfunctory argument that the evidence of prior deportations would be prejudicial and so has not

18  shown that the probative value is substantially outweighed by countervailing considerations.  He

19  is not precluded, however, from interposing a prejudice objection at trial, when the court's

20  ability to balance the probative value against the prejudicial impact will be improved.

21  II. <u>Motion To Preclude Evidence Regarding Defendant's Belief He Had Permission To Reenter</u>

22         The government argues defendant should be precluded from presenting evidence

23  that he believed he had the Attorney General's permission to reenter the country.  To prove a

24  violation of 8 U.S.C. § 1326, the government must prove that the defendant is an alien who has

25  been deported and thereafter enters the United States without the express permission of the

26  Attorney General.  *United States v. Marguet-Pillado*, 648 F.3d 1001, 1007 (9th Cir. 2011).

27  _____

28         [1]  Because this evidence is relevant to prove alienage, its admission does not violate Rule
    404 of the Federal Rules of Evidence.

In *United States v. Leon-Leon*, 35 F.3d 1428, 1432 (9th Cir. 1994), the Ninth Circuit considered whether the district court erred in excluding evidence that when Leon-Leon was arrested, he had a green card and so reasonably believed he had permission to reenter the United States.  The court said that because specific intent is not an element of the crime, "'the government need not prove that [the alien] knew he was not entitled to enter the country without the permission of the Attorney General.'"  *Id*. (quoting *Pena-Cabanillas v.United States*, 394 F.2d 785, 789-90 (9th Cir. 1968)).  Defendant argues this holding has been undercut by *United States v. Salazar-Gonzalez*, 458 F.3d 851 (9th Cir. 2006), *overruled on other grounds by United States v. Orozco-Acosta*, 607 F.3d 1156 (9th Cir. 2010).  In that case, the defendant argued he had not knowingly and voluntarily entered the United States but rather had wandered into the country without knowing he was crossing the border.  *Id*. at 854.  The court reiterated that "being 'found in' the United States under § 1326 is a crime of 'general intent.'" *Id*. at 855.  It explained, however, that a general intent mens rea requires that the defendant have knowledge with respect to the *actus reus* of the offense.  *Id*.  The court concluded that "for a defendant to be convicted of a § 1326 'found in' offense, the government must prove beyond a reasonable doubt that he entered voluntarily *and* had knowledge that he was committing the underlying act that made his conduct illegal–entering or remaining in the United States."  *Id*. at 856 (emphasis in original). Defendant cites no cases suggesting this holding, concerning knowledge of the physical component of the crime, permits him to present evidence relating to a precondition of entry.

IT IS THEREFORE ORDERED that:

1.  The government's motion to present evidence relating to defendant's deportations on July 12 and November 2, 1985 is granted, subject to any objection at trial that the probative impact of the evidence is substantially outweighed by its prejudice; and

2.  The government's motion to preclude evidence of defendant's belief he had the right to reenter the United States is granted.

DATED: May 10, 2012.

_____

UNITED STATES DISTRICT JUDGE